Electronically Filed
2/14/2023 4:41 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Gina McClung

23-0380-C

## CAUSE NO. _____

| | | |
|---|---|---|
| **TYLER HAMILTON PARK** | § | |
| **CONDOMINIUM HOMEOWNERS** | § | **IN THE DISTRICT COURT OF** |
| **ASSOCIATION,** | | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | **_____JUDICIAL DISTRICT** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY AND KYLE** | § | |
| **BROTHERS,** | | **SMITH COUNTY, TEXAS** |
| *Defendant* | | |

---

### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Tyler Hamilton Park Condominium Homeowners Association (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Philadelphia Indemnity Insurance Company ("Defendant Philadelphia Indemnity") and Kyle Brothers ("Defendant Brothers"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.    Plaintiff, Tyler Hamilton Park Condominium Homeowners Association, is a homeowners' association conducting business in Smith County, Texas.

---

3.      Defendant, Philadelphia Indemnity Insurance Company, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.  Defendant may be served with process by serving its registered agent at **CT CORPORATION SYSTEM, 1999 BRYAN STREET, SUITE 900, DALLAS, TEXAS 75201-3136.**

4.      Defendant, Kyle Brothers, is a citizen of the State of Texas and is domiciled in Texas.  He may be served at his place of work at **Engle Martin & Associates, 17330 Preston Road, Suite 100B, Dallas, Texas  75252.**

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

6.      The Court has jurisdiction over Defendant Philadelphia Indemnity because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant Brothers because Defendant Brothers is a citizen of the State of Texas, is domiciled in Texas, and Plaintiff's causes of action against arise out of this Defendant's activities in Texas.

8.      Venue is proper in Smith County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

## FACTS

9.    Plaintiff is the owner of Texas insurance policy PHPK2171853 (hereinafter the "Policy"), which was issued by Defendant.

10.   Plaintiff owns certain interests in the insured properties, which are specifically located at 5401 Hollytree Drive, Tyler, Texas 75703 (hereinafter the "Property"). Plaintiff's interests include the roofs of the properties.

11.   Defendant sold the Policy insuring the Property to Plaintiff.

12.   On or about October 28, 2021, a windstorm caused extensive damage to the insured Property, and in particular the roofs of Buildings 1-31 and the Office Building.

13.   Plaintiff submitted a claim to Defendant Philadelphia Indemnity against the Policy for damages the Property sustained as a result of the storm event. Upon information and belief, Defendant assigned number PHCO21111475223 to the claims.

14.   Plaintiff asked that Defendant Philadelphia Indemnity cover the cost of repairs to the Property, pursuant to the Policy.

15.   Defendant Philadelphia Indemnity inspected the property and did not issue a payment to Plaintiff for the damages. Defendant Philadelphia Indemnity on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

16.   Defendant Philadelphia Indemnity set about to deny and/or underpay on properly covered damages. As a result of Defendant Philadelphia Indemnity's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly

adjusted.  The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiff have yet to receive the full payment to which they are entitled under the Policy.

17.    As detailed in the paragraphs below, Defendant Philadelphia Indemnity wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Defendant Philadelphia Indemnity underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

18.    On or about November 19, 2021, Defendant Kyle Brothers of Engle Martin & Associates served as Defendant Philadelphia Indemnity's adjuster and inspected the Plaintiff's Properties on Defendant Philadelphia Indemnity's behalf.

19.    On or about January 18, 2022, Defendant Brothers completed an estimate of Plaintiff's damages in the amount of $11,910.39, an amount insufficient to indemnify Plaintiff.  The estimate is evidence that Defendant Philadelphia Indemnity and its adjuster Defendant Brothers conducted an unreasonable and outcome-oriented investigation.  The estimate is incorporated herein by reference to Exhibit A.

20.    Through the estimate Defendant Philadelphia Indemnity and Defendant Brothers knowingly misrepresented to Plaintiff and its representatives overtly or by omission the cause and scope of the damage to the property, the cost of repairs, the scope of and quantity of items needing repairs, and the coverage available under the policy applicable to the damage.

21.    By letter dated January 24, 2022, to Plaintiff and Plaintiff's representatives, Defendant Philadelphia Indemnity's claims supervisor, Mike Higginbotham, confirmed that

Defendant Brothers prepared an estimate for covered wind repairs.  Mr. Higginbotham alleged that the estimated loss did not exceed the deductible.

22.    By the letter and the estimate, Defendant Philadelphia Indemnity and its claim representative, Mr. Higginbotham, and the adjuster, Defendant Brothers, knowingly misrepresented to Plaintiff and Plaintiff's representatives overtly and by omission the cause and scope of the damage to the property, the cost of repairs, the scope of and quantity of items needing repairs, whether the roofs could be repaired or must necessarily be replaced, the coverage available under the policy applicable to the damage, and whether the value of the damage fell under the amount of the insurance deductible.

23.    By letter dated March 15, 2022, to Plaintiff and Plaintiff's representatives, Defendant Philadelphia Indemnity's claim representative, Steve Maxwell, confirmed that Defendant Brothers prepared an estimate for covered wind repairs.  Mr. Maxwell alleged that the estimated loss did not exceed the deductible.

24.    By the letter and the estimate, Defendant Philadelphia Indemnity and its claim representative, Mr. Maxwell, and the adjuster, Defendant Brothers, knowingly misrepresented to Plaintiff and Plaintiff's representatives overtly and by omission the cause and scope of the damage to the property, the cost of repairs, the scope of and quantity of items needing repairs, whether the roofs could be repaired must necessarily be replaced, the coverage available under the policy applicable to the damage, and whether the value of the damage fell under the amount of the insurance deductible.

25.    In fact, the costs of repairs are substantially greater than Defendant Philadelphia Indemnity, Mr. Maxwell and Defendant Brothers represented to Plaintiff.  The roofs require replacement and not just repair.  The full repair and replacement of the roofs are covered

losses under the policy and the value of the losses substantially exceed the policy deductible.

26.    Defendants' misrepresentations were knowing since the insufficiency of their estimate of the value of the damage to Plaintiff's property was obvious.  Moreover, Plaintiff placed Defendant Philadelphia Indemnity and Defendant Brothers on notice of the insufficiency of their estimate and the unreasonableness of their investigation and effective denial of coverage by delivering to Defendant a proof of loss dated March 14, 2922 prepared by Plaintiff's public adjuster, Paradis Claims LLC.

27.    On behalf of Plaintiff, All Disaster Claims, Inc., conducted an inspection of the Plaintiff's properties.

28.    On October 13, 2022, All Disaster Claims, Inc. issued estimates finding that Plaintiff suffered actual damages in the amount of $4,503,729.78.  The estimate is the reasonable and necessary amount to fully indemnify Hamilton Park HOA for its damages.

29.    Defendant Philadelphia Indemnity and Defendant Brothers' estimate of the loss in the amount of $11,910.39 is a small fraction – less than one percent -- of the actual value of the damage to Plaintiff's property and is a material misrepresentation of the loss and the coverage applicable to the loss.

30.    Defendants' acts and omissions have deprived Plaintiff of its valuable right to full indemnity pursuant to the terms of the insurance policy.  Plaintiff has been deprived of a fair settlement of its claim pursuant to the Policy and Texas law.  Plaintiff has experienced further delays in the resolution of its insurance claim.  Plaintiff has been prejudiced by the defective estimate, that could be used to deny or underpay Plaintiff's claim.  Plaintiff has and will incur substantial fees, costs and expenses in investigating and challenging the

defective estimate of the Plaintiff's loss, in amounts that will be proven at trial and which are currently in excess of $20,000. Moreover, Defendants' acts and omissions and the defective estimate and Defendant's misrepresentations work to prevent Plaintiff from being fully indemnified for its loss.

31.    To date, Defendant Philadelphia Indemnity continues to delay in the payment for the damages to the property. As such, Plaintiff have not been paid in full for the damages to the Property.

32.    Defendant Philadelphia Indemnity failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

33.    Defendant Philadelphia Indemnity misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

34.    Defendant Philadelphia Indemnity failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

35.    Defendant Philadelphia Indemnity failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate

compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

36.    Defendant Philadelphia Indemnity failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

37.    Defendant Philadelphia Indemnity refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

38.    Defendant Philadelphia Indemnity failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

39.    Defendant Philadelphia Indemnity failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

40.    Defendant Philadelphia Indemnity failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not received full payment for the claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

41.    From and after the time Plaintiff's claim was presented to Defendant Philadelphia Indemnity, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

42.    Defendants Philadelphia Indemnity and Defendant Brothers knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

43.    As a result of Defendants' wrongful acts and omissions, Plaintiff were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

44.    Defendant Philadelphia Indemnity is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

45.    The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

46.    Defendant Philadelphia Indemnity's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

47.    Defendant Philadelphia Indemnity's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

48.    The Defendant Philadelphia Indemnity's breach proximately caused Plaintiff's injuries and damages.

49.    All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50.    Defendant Philadelphia Indemnity's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

51.    Defendant Philadelphia Indemnity's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an

unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

52.    Defendant Philadelphia Indemnity's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

53.    Defendant Philadelphia Indemnity's unfair settlement practices, as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

54.    Defendant Philadelphia Indemnity's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

55.    Defendant Philadelphia Indemnity's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

56.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendant Philadelphia Indemnity and were a producing cause of Plaintiff's injuries and damages.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

57.    The Claim is a claim under an insurance policy with the Defendant Philadelphia Indemnity of which Plaintiff gave proper notice.  The Defendant is liable for the Claim.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

58.    Defendant Philadelphia Indemnity's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

59.    Defendant Philadelphia Indemnity's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

60.    Defendant Philadelphia Indemnity's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

61.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendant Philadelphia Indemnity and were a producing cause of Plaintiff's injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

62.    The Defendant Philadelphia Indemnity breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant Philadelphia Indemnity knew or should have known that liability was reasonably clear.

63.    Defendant Philadelphia Indemnity's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Philadelphia Indemnity knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

64.    Defendant Philadelphia Indemnity's conduct proximately caused Plaintiff injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

65.    Defendant Philadelphia Indemnity's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

66.    Plaintiff is "consumer[s]" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

67.    The Defendant Philadelphia Indemnity committed numerous violations of the Texas DTPA, insofar as Defendant:

a)    Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b)    Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c)    Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d)    Generally engaged in unconscionable courses of action while handling the Claim; and/or

e)    Violated the provisions of the Texas Insurance Code described herein.

68.    The Defendant Philadelphia Indemnity took advantage of the Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiff detriment.  The Defendant Philadelphia Indemnity's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration.  As a result of the Defendant Philadelphia Indemnity's violations of the DTPA, Plaintiff suffered actual damages.  In addition, the Defendant Philadelphia Indemnity committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

## COMMON LAW FRAUD

69.    Defendants are liable to Plaintiff for common law fraud.

70.    Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

71.    The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

72.    The Defendants knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial and/or underpayment of insurance benefits.  The Defendants allowed Plaintiff to use this information, or lack thereof, in justifiable reliance in accepting the denial and/or underpayment.  Plaintiff relied upon said statements in accepting the denial and/or underpayment of the Claim and suffered injury as a result.

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

73.    Plaintiff hereby incorporates by reference all facts and allegations in the preceding paragraphs as though fully set forth herein.

74.    Plaintiff had a valid insurance contract with Defendant Philadelphia Indemnity.

75.    Defendant Brothers, having been retained as an independent adjuster for Defendant Philadelphia Indemnity, knew of and was aware of the existence of the valid insurance contract between Plaintiff and Defendant Philadelphia Indemnity.

76.    Defendant Brothers willfully and intentionally interfered with Plaintiff's contract with Defendant Philadelphia Indemnity.

77.    On information and belief, Defendant Brothers conducted an unreasonable and insufficient inspection of Plaintiff's property to achieve a predetermined outcome—a low ball estimate of the value of covered damage to the Property as a result of the loss.  Defendant Brothers knowingly generated an insufficient estimate of the covered damage to Plaintiff's property resulting from the subject loss.  Defendant Brothers knew that the estimate would prevent

Plaintiff from receiving full indemnity under the Policy, and a lower payment amount on Plaintiff's claim than the true amount of the covered loss.  Defendant Brothers thereby willfully an intentionally interfered with the insurance contract between Plaintiff and Defendant Philadelphia Indemnity.

78.    Plaintiff has been injured as a result of Defendant Brothers' conduct.

79.    Defendant Brothers' conduct has deprived Plaintiff of its valuable right to full indemnity pursuant to the terms of the insurance policy with Defendant Philadelphia Indemnity. Plaintiff has been deprived of a fair settlement of its claim pursuant to the Policy and Texas law.  Plaintiff has experienced further delays in the resolution of its insurance claim. Plaintiff has been prejudiced by the creation of evidence, to wit, the corrupt estimate, that could be used against Plaintiff to deny or underpay its claim and in any legal proceeding. Plaintiff has and will incur substantial fees, costs and expenses in investigating and challenging the defective estimate of the Plaintiff's loss, in amounts that will be proven at trial and which are currently in excess of $20,000.  Moreover, Defendant Brothers' acts and omissions and the corrupt estimate and the misrepresentations therein and thereabout work to prevent Plaintiff from being fully indemnified for its loss under the insurance policy.

## **DAMAGES**

80.    Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendants' conduct.  Plaintiff respectfully request the Court and jury award the amount of loss Plaintiff have incurred in the past and will incur in the future.  There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for

injuries, damages, and losses, incurred and to be incurred.  From the date of the occurrence in question until the time of trial of this cause, Plaintiff seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

81.    Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

82.    The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

83.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

84.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times actual damages.  TEX. INS. CODE §541.152.

85.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

86.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

87.    For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to recover actual damages and up to three times Plaintiff's damages for economic relief, along with attorney's fees, interest and court costs.

88.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

89.    On its claims for tortious interference with contract, Plaintiff is entitled to actual damages and exemplary damages, interest, court costs, and attorney fees.

90.    For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

91.    Plaintiff is not making any claims for relief under federal law.

## JURY DEMAND

Plaintiff requests a jury trial and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's Original Petition*.

## REQUEST FOR DISCLOSURE

92.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to

make Disclosures.

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the

Plaintiff as follows:

1) Judgment against Defendants for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiff may be justly entitled.


[Signature Page to Follow]

Respectfully Submitted,

By:  _____
      J. Rohlf Jewell
      Texas Bar No. 24046157
      rjewell@hodgefirm.com
      Shaun W. Hodge
      Texas Bar No. 24052995
      shodge@hodgefirm.com
      The Hodge Law Firm, PLLC
      The Historic Runge House
      1301 Market Street
      Galveston, Texas 77550
      Telephone: (409) 762-5000
      Facsimile: (409) 763-2300

      ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kendal McLaughlin on behalf of Shaun Hodge
Bar No. 24052995
kmclaughlin@hodgefirm.com
Envelope ID: 72765545
Status as of 2/15/2023 8:26 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Becky A.Bethscheider | | bbethscheider@hodgefirm.com | 2/14/2023 4:41:29 PM | SENT |
| Kendal McLaughlin | | kmclaughlin@hodgefirm.com | 2/14/2023 4:41:29 PM | SENT |
| John RohlfJewell | | jjewell@hodgefirm.com | 2/14/2023 4:41:29 PM | SENT |
| Gabriel Bethscheider | | gbethscheider@hodgefirm.com | 2/14/2023 4:41:29 PM | SENT |
| Emily Forasiepi | | eforasiepi@hodgefirm.com | 2/14/2023 4:41:29 PM | SENT |
| Michael Fridman | | mfridman@hodgefirm.com | 2/14/2023 4:41:29 PM | SENT |